# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MAUREENA SUMMERS**,

in her individual capacity,    Civil Case No.:

    Plaintiff,    **COMPLAINT WITH JURY DEMAND**

v.

**HYATT CORPORATION d/b/a HYATT REGENCY ORLANDO;**

**HYATT HOTELS OF FLORIDA INC. d/b/a HYATT REGENCY ORLANDO;**

**HYATT REGENCY d/b/a HYATT REGENCY ORLANDO; and,**

**HYATT HOTELS CORPORATION d/b/a HYATT REGENCY ORLANDO,**

    **Defendants.**

_____/

## COMPLAINT

**COMES NOW**, Plaintiff **MAUREENA SUMMERS** ("Plaintiff"), in her individual capacity, and hereby files this Complaint by and through the undersigned counsel against the above-named Defendant **HYATT CORPORATION d/b/a HYATT REGENCY ORLANO**, a Foreign Corporation existing under the laws of the State of Florida, Defendant**; HYATT HOTELS OF FLORIDA INC. d/b/a HYATT REGENCY ORLANDO,** a Foreign Corporation existing under the laws of the State of Florida**; HYATT REGENCY d/b/a HYATT REGENCY ORLANDO**, a Foreign Corporation existing under the laws of the State of Florida**; and, HYATT HOTELS CORPORATION d/b/a HYATT REGENCY ORLANDO,** a Foreign Corporation existing under the laws of the State of Florida (collectively "HYATT") for causing

injuries and damages arising out of the racial discrimination and emotional distress suffered by Plaintiff MAUREENA SUMMERS on or about May 23, 2019, at Hyatt Regency Orlando located at: 9801 International Drive, Orlando, Florida 32819. Plaintiff seeks damages and alleges as follows:

## VENUE, JURISDICTION, AND PARTIES

1. This is an action for damages in excess of Seventy-Five Thousand Dollars ($75,000.00) for the personal injuries sustained by Plaintiff that was actually and proximately caused by Defendants' negligent and discriminatory actions.

2. Venue is proper because all of the acts or omissions giving rise to this action occurred in Orlando, Orange County, Florida.

3. At all times material hereto, Plaintiff **MAUREENA SUMMERS** was a resident of Kansas.

4. At all times material hereto, Defendant **HYATT**, were foreign for-profit corporations authorized to do so and doing business in Pinellas County, Florida, and was the owner and operator of Hyatt Regency Orlando located at: 9801 International Drive, Orlando, Florida 32819. At all times material hereto, Defendant **HYATT**, was a foreign for-profit corporation authorized to do so and doing business in Orange County, Florida, and was the owner and operator of Hyatt Regency Orlando.

5. This Court has jurisdiction pursuant to 42 USC Section 1981 and has both personal and specific jurisdiction over Defendants HYATT including pursuant to Florida's Long Arm Statute. This Court has personal jurisdiction over Defendants HYATT as the companies maintain sufficient minimum contacts in the state of Florida, including owning and operating dozens of retail locations, generating makes millions of dollars in profit in Florida annually. Moreover,

Defendants HYATT placed its products; namely hotels, into the stream of commerce in the Florida, and as such have availed themselves of jurisdiction in Florida. Defendants' websites and advertisements market(ed) products to consumers in Florida.

## FACTUAL ALLEGATIONS

6. On October 15, 2021, Plaintiff Maureen Summers, an African American woman was a guest and business invitee at the Hyatt Regency located at: 9801 International Drive, Orlando, Florida 32819.

7. Upon arrival Plaintiff drove her vehicle up to the Hyatt Regency hotel, and a White male employee refused to valet our clients' vehicle and told her that the valet was closed.

8. Plaintiff observed the White male valet provide valet services to White guests despite telling her that valet was closed.

9. Plaintiff entered the hotel, and she confirmed with the front desk employees that the valet was not closed. The front desk employees stated that it the valet should not have refused to valet our client's car.

10. Plaintiff reported the incident to Defendant HYATT's management and reaffirmed that the valet was not closed, that he should not have refused to valet Plaintiff's vehicle, and management apologized profusely.

11. Upon information and belief, the White male valet's employment was not immediately terminated and he was not removed from the subject property despite racially discriminating against African American guests.

12. Plaintiff was racially profiled and denied equal access to a public accommodation, and she was subject to racial discrimination in contract in violation of her civil rights.

17. Plaintiff was a business invitee of Defendant HYATT where she was attempting to

valet park her car. Defendant HYATT did not properly train or supervise its employees and/or agents to treat customers equally with regard to race, did not have proper policies and procedures requiring employees and/or agents to treat customers equally without regard to race, had a policy and/or pattern of practice of racially discriminating against African American customers. Defendants HYATT showed a disparity in how it treats African American guests and business invitees and violated her right to be free of racial discrimination in the formation of contract. Upon information and belief, Defendant HYATT did not immediately discipline the White male employee and/or remove him from the subject property. Plaintiff reported the racial discrimination to Defendant HYATT and Defendant apologized for the racial discrimination and offered Plaintiff and another witness that attended the meeting upgrades at the hotel.

18. As a result, Plaintiff Maureena Summers, suffered severe personal injuries and damages actually and proximately caused by the actions and omissions of Defendant HYATT.

19. As a direct and proximate cause of Defendant HYATT's negligence and racial discrimination, actions and inactions, Plaintiff suffered and continues to suffer from damages which include but are not limited to severe emotional injuries and damages which have manifested into physical symptoms which, including anxiety, humiliation, nightmares, fearfulness, sleeplessness, panic attacks, as well as mental pain and anguish, among other damages, she has incurred compensatory damages, and will seek attorneys' costs and fees.

## COUNT I: NEGLIGENCE

20. Plaintiff incorporates paragraphs 1 through 19 as if fully stated herein.

21. On May 23, 2019 Defendant HYATT's agents and/or employees, engaged in the practice of denying Plaintiff MAUREENA SUMMERS, an African American, valet services on the grounds of her race or color, the full enjoyment of goods, services, facilities, privileges,

advantages, or accommodations, on the same basis as it makes such available to individuals who are not African American.

22. Defendant HYATT is vicariously liable for the actions and inactions of its employees who were in the course and scope of their employment and in furtherance of their business interest at all times subject to this incident.

23. Defendant HYATT engaged in a practice of discrimination by allowing its employees and/or agents to racially profile, harass, refuse sales, and discriminate against African Americans.

24. Defendant HYATT owed a duty to Plaintiff MAUREEA SUMMERS to act in a reasonable and careful manner and to properly and appropriately hire, train, supervise, and discipline its employees, agents, and/or for the protection of its business invitees as operators and/or owners of the property, and to prevent its employees, agents from racially profiling, harassing, and discriminating against African Americans including Plaintiff.  Defendants did not properly train its employees on not engaging in refraining from racial profiling and racial discrimination.

25. Defendant HYATT also had a duty to supervise its employees and/or agents and a duty to maintain a safe and legal premise and to ensure that its employees and/or agents did not engage in racial discrimination, racial profiling, harassment, or the denial of valet services to African Americans based on race. Defendant HYATT had a duty to develop reasonable policies and procedures to ensure business invitees were not subjected to racial discrimination, for requiring employees to review surveillance footage, and/or for implementing policies and procedures for investigating whether employees were engaging in racial discrimination. Defendant HYATT had a duty not to perpetuate the racial discrimination of Defendant

MAUREENA SUMMERS, and/or not to perpetuate and enforce her discrimination and should have reported her behavior to management.

26. Defendant HYATT breached the duties owed to Plaintiff by refusing to provide valet services based on her race, by failing to report racist actions of other employees, and the corporate defendants failed to conduct a thorough review of the subject manager and employees backgrounds prior to hiring them as employees and/or agents of its business, failing to properly and adequately train and supervise these employees and/or agents, by failing to adequately monitor surveillance cameras, and/or failing to discipline employees after this incident, thereby ratifying their misconduct and encouraging a corporate culture of racism.

27. Defendant HYATT's actions and omissions actually and proximately caused Plaintiff MAUREENA SUMMERS to suffer injuries and damages, including mental pain and suffering, such as depression, anxiety, shock and fright; embarrassment; humiliation; loss of everyday social pleasures and enjoyment; and other injuries which have yet to manifest themselves at this time which has resulted in medical bills, loss of future earning potential, compensatory damages, attorneys costs and fees, as well as other expenditures will be incurred in the future.

WHEREFORE, Plaintiff demands judgment for against Defendant MAUREENA SUMMERS in excess of the jurisdictional limits of this court, together with interest, attorneys' fees and costs.

**COUNT  II– INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

28. Plaintiff incorporates paragraphs 1 through 19 as if fully stated herein.

29. This is an action brought by Plaintiff for intentional infliction of emotional distress pursuant to the laws of the state of Florida against Defendant HYATT.  At all times

material hereto, Defendant's employees were within the course and scope of their employment with Defendant HYATT and in furtherance of their business interests.

30. Defendant employee's conduct was extreme and outrageous in nature, transcending all bounds of decency and is utterly intolerable in a civilized society.

31. Defendant HYATT employee's actions and omissions were intentional, and/or they recklessly disregarded the near certainty that Plaintiff's distress would result from his conduct.

32. Defendant HYATT's employees actions and omissions actually and proximately caused Plaintiff to suffer injuries and damages, including mental pain and suffering, such as depression, anxiety, shock and fright; embarrassment; humiliation; loss of everyday social pleasures and enjoyment; and other injuries which have yet to manifest themselves at this time which has resulted in medical bills, loss of future earning potential, and Plaintiff will seek punitive damages, compensatory damages, attorneys costs and fees, as well as other expenditures will be incurred in the future.

WHEREFORE, Plaintiff demands judgment against Defendant HYATT in excess of the jurisdictional limits of this court, together with interest, attorneys' fees and costs.

## COUNT III: RACIAL DISCRIMINATION
## VIOLATION OF 42 U.S.C. § 1981

33. Plaintiff incorporates paragraphs 1 through 19, as if fully stated herein.

34. Plaintiff is a member of the African American race within the meaning of 42 U.S.C.A. § 1981.  At all times relevant, Plaintiff was attempting to make/enter into in a contractual relationship with Defendant HYATT within the meaning of 42 U.S.C. § 1981, as amended.

35. Plaintiff was deprived of the right to enjoy the privileges of entering into a contract with Defendant HYATT without being subjected to racial discrimination.  The right to valet services

was not denied to White customers. As such, Defendant HYATT violated 42 U.S.C.A. § 1981(b), as amended.

36. Defendant HYATT's treatment, practices, and policies directed toward Plaintiff denied her the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by non-Black citizens, in violation of 42 U.S.C.A. § 1981, as amended.

37. Defendant HYATT's treatment, practices and policies directed toward Plaintiff denied her the right to make and enforce contracts as enjoyed by non-Black citizens who were customers, in violation of 42 U.S.C.A. § 1981, as amended.

38. Defendant HYATT's disparate treatment and/or intentional discrimination against of Plaintiff created a hostile environment, on the basis of Plaintiff's race under 42 USC § 1981.

39. Defendant HYATT had knowledge that its employees had a history of the discriminatory acts directed at Black customers including denying valet services to Black customers. Despite knowing about the unlawful actions perpetuated against Plaintiff and other customers, Defendant HYATT did not take any action to prevent the discriminatory acts directed at Black customers, failed to offer training or supervision to prevent violations of 42 U.S.C. § 1981.

40. The discriminatory environment was so pervasive that it interfered with Plaintiff's ability to enjoy the privileges and services that are enjoyed by White customers engaging in a contract with Defendant HYATT.

41. As a direct, legal, and proximate and/or "but for" cause of Defendant HYATT's discrimination in violation of Section 1981, Plaintiff suffered embarrassment, humiliation, emotional distress, pain and mental anguish, and other forms of damage; and loss of enjoyment of

life, thereby entitling Plaintiff to damages in an amount to be proven at trial. In its discriminatory actions as alleged above, Defendant HYATT acted with malice or reckless indifference to the rights of Plaintiff, thereby Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendant HYATT's, as follows: enter judgment in Plaintiff's favor and against Defendant HYATT for its violations of 42 U.S.C.A. § 1981, as amended; Award Plaintiff actual damages suffered; Award Plaintiff compensatory damages under 42 U.S.C.A. § 1981 for the embarrassment, anxiety, humiliation and emotional distress, pain and mental anguish Plaintiff has suffered; Award Plaintiff punitive damages; Award Plaintiff prejudgment interest on their damages award; Award Plaintiff reasonable costs and attorney's fees; and Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT IV
## DENIAL OF ACCESS TO A PUBLIC ACCOMMODATION IN VIOLATION OF TITLE II OF THE CIVIL RIGHTS ACT OF 1964

42. Plaintiff incorporates paragraphs 1 through 19 as if fully stated herein.

43. Defendant HYATT violated Title II of the Civil Rights Act of 1964, which prohibits racial discrimination in public accommodations and guarantees that: "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race[.]" 42 U.S.C. §2000a(a).

44. At all times material hereto, Defendant HYATT, and otherwise meets the definition of a public accommodation under Title II of the Civil Rights Act, 42 U.S.C. §20000 a(b)(3).

45. Defendant HYATT's actions and omissions intentionally deprived Plaintiff from access to a public accommodation. Defendants deprived Plaintiff of her right to utilize valet services because of her race.

46. As a direct and proximate cause of Defendant HYATT's intentional actions and omissions Plaintiff TERRY TTERRIS was denied the accommodations and privileges that she is entitled to under 42 U.S.C. § 2000a *et. seq* based on her race; and he was denied services provided by the Defendants to other non-African American members of the general public. Defendant HYATT did not immediately fire the employee and/or agent engaging in racism, thereby ratifying their misconduct and promulgating its racist customs and policies.

47. Defendant HYATT failed to promulgate policies and procedures and/or train and/or supervise its staff to uphold the obligations due citizens under 42 U.S.C. § 2000a, Title II of the Civil Rights Act and Arizona Statute 41-1442. Defendant's failure to properly train, supervise, and/or fire racist employees was the moving force behind the violation of Plaintiff's constitutional rights.

48. Defendant HYATT's actions and omissions were the moving force behind the violation of Plaintiff's constitutional rights and caused injuries and damages, including mental pain and suffering, such as depression, anxiety, shock and fright; embarrassment; humiliation; loss of everyday social pleasures and enjoyment; and other injuries which have yet to manifest themselves at this time and has resulted in medical bills, loss of future earning potential, as well as other expenditures will be incurred in the future, compensatory damages, punitive damages, and Plaintiff will seek attorneys costs and fees.

WHEREFORE, Plaintiff demands judgment against Defendant HYATT in excess of the jurisdictional limits of this court, together with interest, attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MAUREENA SUMMERS respectfully requests that this Court find the parties jointly and severally liable and award the following damages against Defendants pursuant to Federal law and the laws of the State of Florida, including but not limited to the following:

a. Award compensatory and actual damages to Plaintiff;

b. Award damages for emotional pain and suffering to Plaintiff;

c. Award attorneys' fees and costs of this action to Plaintiff;

d. Award punitive damages to Plaintiff;

e. Award any and all other damages as allowed by law; and

f. Any and all other and further relief as this Court may deem appropriate.

WHEREFORE, Plaintiff demands damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with post judgment interest and costs.

## TRIAL BY JURY

WHEREFORE, Plaintiff MAUREENA SUMMERS hereby demands a trial by jury on all issues so triable.

Dated this: May 22, 2023.

Respectfully Submitted,

 /s/Jasmine Rand
JASMINE RAND, ESQUIRE
Florida Bar Number: 0077047
Rand Law, LLC
2525 Ponce de Leon Blvd. Ste. 300
Miami, Florida 33134
Telephone: (305)906-6400
Facsimile: (305)503-9235

jasminerand@gmail.com
Attorney for Plaintiff